UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DENNIS JOAN LUIS SOLORZANO,

Petitioner,

v.

WARDEN, CALIFORNIA CITY,

Respondent.

Case No. 1:26-cv-08382 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Dennis Joan Luis Solorzano is an immigration detainee proceeding with a petition for writ of habeas corpus. He contends that his detention without a custody redetermination hearing—which has surpassed four months—violates his Fifth Amendment Right to due process. *See* Dkt. No. 1 at 6–7. For the reasons that follow, the petition is GRANTED in part, and Respondents are ordered to provide Petitioner with a bond hearing.

Petitioner is a citizen of Guatemala and entered the United States at an unknown date and time without inspection by immigration authorities. Dkt. No. 8 at 7. His recent arrest by ICE appears to have been his first interaction with immigration authorities since entering the United States. ICE encountered Petitioner following an arrest for child endangerment and other charges in June 2026. *Id*. at 7, 18–19. After inquiring into his immigration status, ICE issued an administrative warrant for Petitioner's arrest and he was transferred from state to ICE custody. *Id*. at 7, 26. That same day, Petitioner was served a "Notice of Custody Determination" stating that he was detained under 8 U.S.C. § 1226(a). *Id*. at 29. The Notice also included a section for Petitioner to complete, through which he could request a custody redetermination hearing from an immigration judge. *Id*. Petitioner allegedly refused to complete the section. *Id*.

As both parties agree that Petitioner is detained under § 1226(a) and entitled to a custody redetermination hearing pursuant to that statute, the appropriate relief is a prompt hearing, rather than release. Though this Court and others have ordered release where the Government failed or refused to provide noncitizens with the process they are entitled to under § 1226(a), that does not appear to be the case here. Following arrest upon an administrative warrant under § 1226(a), ICE makes an initial custody determination, which may include setting bond or releasing the individual on conditional parole. 8 C.F.R. § 236.1(c)(8). A detainee may then request a bond redetermination hearing before an immigration judge to challenge that finding. 8 C.F.R. § 236.1(d)(1). Here, Petitioner was arrested on a warrant, was provided a notice informing him of the basis for his custody, and was given an opportunity to request a custody redetermination hearing.

Further, there is no evidence in the record suggesting that Petitioner was entitled to any pre-deprivation process aside from § 1226(a) procedures. Though this Court and others have found that non-citizens previously released by immigration officials on parole are entitled to further process prior to revocation of their parole, Petitioner has not previously been granted parole status by ICE. Additionally, Petitioner has not sought immigration relief since entering the United States, so it cannot be said that "the government's decision not to detain Petitioner" created a liberty interest entitling him to a pre-deprivation hearing before his arrest. *Kharitonova v. Albarran*, No. 3:26-CV-01362, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026). Under these circumstances a prompt hearing, rather than release, is the appropriate remedy.

Accordingly, the petition for writ of habeas corpus is GRANTED in part. Within fourteen (14) days of this order, Respondents are directed to arrange a bond hearing for Petitioner before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations at which Petitioner's eligibility for bond must be considered. Petitioner shall be allowed to have counsel present, and the bond hearing may be rescheduled to a later date on Petitioner's request.

The Clerk of Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: November 18, 2026

VINCE CHHABRIA
United States District Judge